UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL KOSSIE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2900 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Darrell Kossie's Petition for Writ of Habeas Corpus and Respondent William Stephens' Motion for Summary Judgment.  Having carefully considered the Petition, the Motion for Summary Judgment, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion should be GRANTED, and Kossie's Petition for Writ of Habeas Corpus should be DENIED.

**I.    Background**

The background facts are not in dispute.  Kossie was convicted as an habitual offender of possession of a controlled substance in the 262nd Judicial District Court of Harris County, Texas on July 15, 2004.  The trial court sentenced him to 35 years imprisonment. Kossie's conviction was affirmed by the First Court of Appeals on October 13, 2005.  *See Kossie v. State*, No. 01-04-0770-CR, 2005 WL 2614925 (Tex.App.–Houston [1st Dist.] 2005).

On October 9, 2006, Kossie filed an application for a state writ of habeas corpus.  He filed a second application on December 16, 2007.  The Texas Court of Criminal Appeals ("TCCA") adopted the trial court's finding that counsel did not receive timely notice of the appellate court's decision on Kossie's direct appeal.  Based on this finding, the TCCA granted Kossie leave to file an out-of-time petition for discretionary review ("PDR"), and dismissed

Kossie's other claims for relief.  *See Ex Parte Kossie*, No. AP-75,831 & AP 75,832 (Tex.Crim.App. Apr. 2, 2008).

Kossie filed the PDR, and the TCCA refused it on August 20, 2008.  On May 23, 2013, Kossie filed a third state habeas application.  The TCCA denied relief on July 31, 2013.

On September 30, 2013, Kossie filed this federal petition for a writ of habeas corpus. Respondent contends that this petition is barred by the statute of limitations.

**II.**   **Analysis**

The federal habeas corpus statute, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), gives a State prisoner one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).  The statute of limitations begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

The TCCA refused Kossie's PDR on August 20, 2008.  He then had 90 days, until November 18, 2008, to petition the Supreme Court of the United States for a writ of *certiorari*. He did not do so.  Therefore, the federal statute of limitations for this petition for a writ of habeas corpus began to run on November 18, 2008.  Absent any tolling, the limitations period expired on November 18, 2009.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent . . . claim is pending . . .."  Kossie  filed his first two state habeas corpus applications before he was granted leave to file an out of time PDR.  Respondent does not contend that the limitations period began to run until after those applications were resolved, and the TCCA refused Kossie's out of time PDR on August 20, 2008.  Because Kossie had 90 days to seek review in the Supreme Court, the limitations period began to run on November 18, 2008.  Kossie filed a third state application in 2013.  By that time, however, there was no limitations period left to toll.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights.  "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling."  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).  Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).

Kossie waited almost four years after his conviction became final to file this federal habeas corpus petition.  He does not identify any rare and exceptional circumstance, and thus fails to demonstrate any grounds for equitable tolling.  Therefore, Kossie's petition is time-barred, and must be dismissed.

**III**     <u>**Conclusion**</u>

For the foregoing reasons, respondent's motion for summary judgment is granted and Kossie's' petition for a writ of habeas corpus is dismissed with prejudice.

**IV.**     <u>**Certificate of Appealability**</u>

A petitioner may obtain a Certificate of Appealability ("COA") either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court has carefully considered Kossie's petition.  The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Kossie is not entitled to a certificate of appealability.

**V.**      <u>**Order**</u>

For the foregoing reasons, it is ORDERED as follows:

A.      Respondent William Stephens' Motion for Summary Judgment (Dkt. No. 16) is

GRANTED;

B.      Petitioner Darrell Kossie's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in

all respects DENIED; and

C.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum

and Order.

SIGNED on this 9th day of May, 2014.

Kenneth M. Hoyt
United States District Judge